**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 10-cr-00353-CMA-07

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    LORENZO E. VILLEGAS,

    Defendant.

_____

**PROTECTIVE ORDER REGARDING *JENCKS* ACT MATERIAL,
RULE 26.2 MATERIAL, AND RULE 16 MATERIAL**
_____

    THE COURT received the government's Motion for a Protective Order (DOC 183) concerning the use, custody, and circulation of *Jencks* Act material, Fed. R. Crim. P 26.2 material, and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned case as to the above named defendant. *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the government to withhold confidential informant information in the context of plea bargaining before trial).

    The Court also received the defendant's response (DOC 185) to the government's motion. The Court, on December 6, 2010, (DOC 189) directed the parties to confer and make reasonable, good faith efforts to resolve the dispute over the language and scope of the requested protective order. The government has filed a Supplemental Motion (DOC 197) advising the Court that after communications between the parties, including a meeting, phone conversations and e-mail communications, and

related communications with the United States Marshal's Service, a compromise arrangement has been agreed to. The arrangement appears to satisfy the concern of the defense to give the defendant ample time to read discovery documents. The arrangement also appears to address the concerns of the government to limit the duplication and distribution of hard copies or electronic copies of the material disclosed prior to trial in this case.

The Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651. The Court is familiar with the file in this case and has reviewed the government's motion and defense response.  It is therefore

ORDERED that For good cause, DOCs ## 183 and 197 are granted as follows:

At this time, the defendant is in the custody of the United States Marshal's service pursuant to an Oder of Detention (DOC 30). The Court directs the parties to work with representatives of the United States Marshal's Service to provide appropriate CDs or DVDs containing electronic information subject to pretrial disclosure in this case to responsible law enforcement or correctional officers at the facility where defendant is being held in custody.  After being provided the pertinent CDs or DVDs, those responsible law enforcement or correctional officers should provide the defendant with reasonable and orderly access to a computer able to read or play the electronically recorded contents of the pretrial disclosure DVDs and CDs.

Counsel for the defendant and government counsel are directed to cooperate with the vendor supporting the production of electronic discovery for the above captioned case, if necessary, to provide a set of DVDs or CDs for the execution of this

order.

The computer provided for the defendant's use at the facility should not have a printer attached, should not be connected to the internet in any way, and should not provide an opportunity to download or duplicate the files contained on DVDs and CDs provided for the official use of the defendant in relation to this case. The responsible officials should take reasonable precautions to prevent any inmate or prisoner other than the defendant from having the use of the DVDs or CDs. At the conclusion of this case, the DVDs or CDs provided should be returned to counsel.

Further, it is ordered that Rule 26.2 material and *Jencks* Act material, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, personal identifying information such as addresses, dates or birth, and social security numbers for witnesses or other persons, and any NCIC/CCIC reports furnished to the defense in this case shall be used only for official purposes related to judicial proceedings in this case and for no other purpose.

Further, with the exception of the DVDs and CDs made available to the defendant by responsible officials pursuant to this Order, Rule 26.2 material and *Jencks* Act material reflecting the personal identifying information described above, records showing statements by witnesses, reports of witness statements, debriefing statements, or witness testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees of such defense attorneys. Such *Jencks* Act material, again with the exception of the DVDs and CDs made available for review by the defendant pursuant to this Order, shall not be left in the exclusive custody of the defendant. The same

custodial guidelines shall apply to the use of any photographs of persons who are or may become witnesses and NCIC/CCIC reports provided to the defense pursuant to Rule 16 or otherwise in relation to this case. *See* Fed. R. Crim. P. 49.1 (Privacy protection for filings made with the court).  In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement. In the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

       At the conclusion of the case, the described Rule 26.2 material, *Jencks* Act material, NCIC/CCIC records, audio files, DVDs, CDs and photographs may be returned to the Government.

       DATED: December 22, 2010.

                                                   BY THE COURT:

                                                   _____
                                                   CHRISTINE M. ARGUELLO
                                                   United States District Judge